UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
L.I. HEAD START CHILD DEVELOPMENT
SERVICES, INC., PAUL ADAMS, derivatively
on behalf of COMMUNITY ACTION
AGENCIES INSURANCE GROUP and as
class representative of all other persons similarly
situated,

**MEMORANDUM OF
DECISION AND ORDER**
00-CV-7394 (ADS)

                                        Plaintiffs,

   - against -

ECONOMIC OPPORTUNITY COMMISSION
OF NASSAU COUNTY, INC., ECONOMIC
OPPORTUNITY COUNCIL OF SUFFOLK,
INC., YONKERS COMMUNITY ACTION
PROGRAM, INC., and STELLA B. KEARSE
as Representative of the ESTATE OF
JOHN L. KEARSE, Deceased.

                                        Defendants.
---------------------------------------------------------------x

**APPEARANCES:**

**Welby, Brandy & Greenblatt, LLP**
*Attorneys for Plaintiffs*
11 Martine Avenue
White Plains, NY 10606
      By: Alexander A. Miuccio, Esq., of Counsel

**Mark E. Goidell, Esq.**
*Attorney for Defendants*
377 Oak Street, Suite 101
Garden City, NY 11530

**SPATT, District Judge.**

      Familiarity with the long and complicated history of this litigation is presumed. Of relevance here, on April 25, 2012, a judgment, including prejudgment interest and attorney's fees, was awarded to the Plaintiffs. The Defendants appealed from the judgment.

On March 13, 2013, the Second Circuit affirmed the April 25, 2012 judgment. L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc., 710 F.3d 57 (2d Cir. 2013). In its decision, the Second Circuit did not mention appellate attorneys' fees.

The Defendants subsequently filed a petition for a panel rehearing or, in the alternative, for a rehearing *en banc*. On April 16, 2013, the panel that determined the appeal and the active members of the Second Circuit denied the petition. The Second Circuit mandate was issued and filed with the Clerk of the Court on June 10, 2013.

On June 14, 2013, more than one year after the April 25, 2012 judgment was entered, the Plaintiffs brought a motion styled as a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(a) motion to correct the judgment.

On July 31, 2013, this Court granted in part and denied in part the Plaintiffs' putative Rule 60(a) motion. Judgment was entered that day.

On August 29, 2013, the Plaintiffs moved (1) pursuant to 29 U.S.C. § 1132(g)(1) of the Employee Retirement Income Security ACT ("ERISA") to recover their appellate attorneys' fees and (2) pursuant to Fed. R. Civ. P. 23(a)(4) to substitute Debrah Garcia in place of Paul Adams, who died on December 2, 2012, as class representative. The Plaintiffs seek $38,552.50 in appellate attorneys' fees, as measured by the hourly rates previously determined by this Court in connection with the Plaintiff's prior district court fee application, rather than the $46,104 actually billed. The Plaintiffs also seek their attorneys' fees associated with this fee application in the sum of $6,650.

The Defendants consent to the branch of the Plaintiff's motion seeking substitution of the class representative. However, the Defendants oppose that part of the Plaintiffs' motion seeking appellate attorneys' fees.

# I. DISCUSSION

A. <u>The Decision to Award Appellate Attorneys' Fees in the First Instance</u>

ERISA, 29 U.S.C. § 1132(g)(1), provides that "in any action under the subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

The award of attorneys' fees may involve extensive factfinding and a large degree of discretion. Therefore, a district court generally decides this issue in the first instance. <u>Mikes v. Straus</u>, 274 F.3d 687, 704 (2d Cir. 2001) (citing <u>Dague v. City of Burlington</u>, 976 F.2d 801, 803 (2d Cir. 1991), <u>rev'd in part on other grounds</u>, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992)); <u>Woe v. Cuomo</u>, 729 F.2d 96, 108 (2d Cir. 1984) (stating that the issue of appellate attorneys' fees in an action challenging the constitutionality of care given to involuntarily committed mental patients in state hospital is more appropriately left to the discretion of the district court). Indeed, the Second Circuit has stated that:

> [B]arring unusual circumstances, when questions are presented such as the amount of recovery, the extent to which a plaintiff is a prevailing party, and what if any adjustment is to be given for delay in payment, determination of a reasonable attorney's fee under the fee-shifting statutes should normally be decided by the district court in the first instance.

<u>Dague</u>, 976 F.2d at 803. The rationale is that a district court is in a more appropriate position to decide the factual disputes involving a claim for attorneys' fees. <u>Id.</u> On the other hand, an appellate court is designed "to review for errors of law or abuse of discretion." <u>Id.</u>

The Second Circuit sometimes recognizes the appropriateness of appellate attorneys' fees in particular cases, but leaves the precise calculation of those fees to the discretion of the district court. <u>Manzo v. Sovereign Motor Cars, Ltd.</u>, 419 F. App'x 102, 103 (2d Cir. 2011); <u>Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC</u>, 497 F.3d 133, 143-44 (2d Cir. 2007)(noting that

"[a]ppellate attorney's fees may also be awarded under the [Age Discrimination in Employment Act] when the appellate court determines in its discretion that they are appropriate" but remanding to the District Court for determination as to the amount of appellate attorneys' fees).

In this case, although the Second Circuit's order of affirmance does not mention appellate attorneys' fees, nothing in the Appellate Rules of Civil Procedure requires the Second Circuit's judicial imprimatur before a district court may actually award such fees. Indeed, the Second Circuit has at times remanded to the District Court <u>both</u> the question of whether attorneys' fees should be awarded and if so, in what amount. <u>See</u> <u>Jimico Enterprises, Inc. v. Lehigh Gas Corp.</u>, 708 F.3d 106, 115 (2d Cir. 2013) <u>cert.</u> <u>denied</u>, 134 S. Ct. 279 (2013)(remanding case to district court for "adjudication of appellate attorney's fees"). Accordingly, absent further guidance from the Second Circuit, here, this Court is responsible for deciding in the first instance whether appellate attorneys' fees should be granted, and if so, in what amount.

B.  <u>The Timeliness of the Application for Appellate Attorneys' Fees</u>

The Defendants argue that the Plaintiffs were required to apply for appellate attorneys' fees in compliance with Fed. R. Civ. P. 54(d)(2)(B) and Local Civil Rule 54.1(c)(7), and thus, the Plaintiffs were required to file and serve the instant application within 14 days of the entry of final judgment. The Plaintiffs respond that these rules do not apply and that they were required to, and did, apply for appellate attorneys' fees within a reasonable period of time.

Fed. R. Civ. P. 54(d) provides: "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment . . . [and] state the amount sought or provide a fair estimate of it. . . ." Fed. R. Civ. P. 54(d)(2)(B). Local Civil Rule 54.1(c)(7) states: "Attorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the Court. A motion for attorney fees and

4

related nontaxable expenses shall be made within the time period prescribed by Fed. R. Civ. P. 54."

The issue presented by the Plaintiffs' post-appeal application for appellate attorneys' fees is whether Fed. R. Civ. P. 54(d)(2)(B) precludes requests for appellate attorneys' fees made more than 14 days after the appellate court's entry of judgment.

Turning to the text of Fed. R. Civ. P. 54, the Court first considers whether the word "judgment" applies only to district court judgments, or both district court judgments and circuit court judgments. Rule 54(a) defines "Judgment" as "include[ing] a decree and any order from which an appeal lies." "Based on that definition alone, Rule 54 could apply to a judgment from the Court of Appeals. After all, a judgment from the Court of Appeals can be appealed to the United States Supreme Court." Dippin' Dots, Inc. v. Mosey, 602 F. Supp. 2d 777, 782 (N.D. Tex. 2009). Indeed, two cases suggest that the word "judgment" as articulated in Rule 54(d) refers to either the mandate or opinion of the court of appeals where appellate attorneys' fees are involved. See Barghout v. Bureau of Kosher Meat and Food Control, 141 F.3d 1157, at *1–*3 (4th Cir. 1998); DeRusha v. Detroit Jewish News and Style Magazine, No. 02–73030, 2007 WL 778488, at *2, *9–11 (E.D. Mich. Mar. 12, 2007).

However, this understanding of "judgment" under Rule 54 was rejected by S. Tex. Elec. Coop. v. Dresser-Rand Co., CIVA V-06-28, 2010 WL 1855959 (S.D. Tex. May 5, 2010) as not comporting with the Federal Rules of Civil Procedure "as a whole." Indeed, S. Tex. Elec. Coop. reasoned that "the Federal Rules 'govern the procedures in all civil actions and proceedings *in the United States district courts*.'" Id. at *3 (citing Fed. R. Civ. P. 1); see also Dippin' Dots, Inc., 602 F. Supp. 2d at 782 (observing that Fed. R. Civ. P. 1 "creates a presumption that the Federal Rules only deal with and refer to district court proceedings.")

5

The Court finds S. Tex. Elec. Coop. and Dippin' Dots, Inc. persuasive in this regard. As Dippin' Dots, Inc. concluded:

> Rule 54 is part of Chapter VII of the Federal Rules. This chapter is titled "Judgment" and provides rules for issues such as motions for summary judgment, a new trial, and to alter or amend a judgment. These are all issues that only arise in district court proceedings. For example, Rule 59 provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). This rule "makes clear that the district court possesses the power . . . to alter or amend a judgment after its entry." Fed. R. Civ. P. 59, Advisory Committee Notes, 1948 Amendments. If the word "judgment" in Rule 59 includes a judgment from the Court of Appeals, then the same should be true for Rule 54. But it is obvious that a district court does not possess the power to alter or amend a judgment of the Court of Appeals.

602 F. Supp. 2d at 782. Thus, the Court finds that the word "judgment" as used in Rule 54(d)(2)(B) refers to district court judgments only.

This is not to say, as S. Tex. Elec. Coop ultimately concludes, "that requests for appellate attorneys' fees made outside the 14-day window provided for in Rule 54(d) by a prevailing party *in the district court*, who also prevails on appeal, are untimely," 2010 WL 1855959, at *2 (emphasis added). Under the rule enunciated by S. Tex. Elec. Coop., a prevailing party in the district court must move for appellate attorneys' fees before the resolution of the appeal. In this respect, S. Tex. Elec. Coop. sets out a timeliness requirement under Rule 54 that is more-friendly to the fee opponent than the requirement espoused by the Defendants, who are the fee opponent here.

Addressing the somewhat counterintuitive nature of such an unripe application for appellate fees, S. Tex. Elec. Coop. noted that "Rule 54 only requires the party requesting attorneys' fees to provide a 'fair estimate' of its fees, Fed. R. Civ. P. 54(d)(2) (B)(iii)," rather than fees actually incurred. Id. Indeed, S. Tex. Elec. Coop. highlighted the practical benefits of such a rule, observing that, in this scenario, a circuit court can make

its fee ruling in conjunction with its review on the merits, "often eliminate[ing] the need for a second appeal." Id. at *3.

Despite the potential cost savings under the S. Tex. Elec. Coop. rule, the Court finds that, consistent with the Federal Rules of Civil Procedure, which generally apply to district court proceedings, no part of Rule 54 is applicable to requests for appellate attorneys' fees. This Court's decision in Cush-Crawford v. Adchem Corp., 234 F. Supp. 2d 207, 208 (E.D.N.Y. 2002) is on point. In that case, the plaintiff moved for appellate attorneys' fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). As here, the defendants contended that the plaintiff's motion for appellate attorneys' fees should be denied because the motion was not filed within 14 days of the appellate judgment as required by Fed. R. Civ. P. 54(d)(2)(B). This Court rejected that argument, reasoning:

> First, Title VII has no specific limitation period for seeking attorneys' fees at the trial or the appellate levels. See 42 U.S.C. § 2000e–5(k). Second, neither the Federal Rules of Appellate Procedure nor the Local Rules of the Second Circuit provide a specific limitation period to apply for appellate attorneys' fees. Third, the Second Circuit has not addressed the issue of what time period governs the application for appellate attorneys' fees under Title VII. Fourth, district courts within the Second Circuit have apparently not addressed that issue.

234 F. Supp. 2d at 210.

Acknowledging the lack of authority on the question, this Court relied on the reasoning of Environmental Defense Fund, Inc. v. Environmental Protection Agency, 672 F.2d 42 (D.C. Cir. 1982). There, the plaintiff moved for appellate attorneys' fees under the Toxic Substances Control Act (the "TSCA"). 672 F.2d at 61. An intervenor objected claiming that the plaintiff failed to comply with the 14 day limitations period under Rule 39(c) of the Federal Rules of Appellate Procedure and thus failed to timely seek attorneys' fees. Id. The court rejected that

7

argument, noting that Rule 39 applied to costs, not attorneys' fees. Id.  Also, the court noted that the TSCA provides no specific time limitations period for seeking attorneys' fees; the TSCA states only that the court may award attorneys' fees "'if [it] determines that such an award is appropriate.'" Id.  Based on that discretionary language, the court concluded that "a court has discretion to consider the reasonableness of attorneys' fees claims and, if 'appropriate' (considering traditional equitable principles), to reject claims as untimely filed." Id.

In Cush-Crawford, this Court analogized Title VII to the TSCA and concluded that "[t]o allow a prevailing party a reasonable period of time after the entry of the circuit's final judgment, as in Environmental Defense Fund, is fair considering that Title VII and the applicable appellate rules do not provide a specific limitation period." 234 F. Supp. 2d at 211.

Applying the rationale of Cush-Crawford to the present case, the Court notes that ERISA is similar to the TSCA and Title VII in that the former statute does not set out any time limits for making a motion for appellate attorneys' fees.  The Court acknowledges that Cush-Crawford has not been cited positively or negatively by a single court.  However, there still being no binding authority other than Cush-Crawford on this question, the Court finds that a prevailing party must seek appellate attorneys' fees in an ERISA action within a reasonable period of time after the circuit's entry of final judgment.

In this case, the Court finds that the Plaintiffs moved for appellate attorneys' fees within a reasonable period of time after the entry of the Second Circuit's final judgment on March 13, 2013.  From that date, the Defendants had until August 27, 2013 to seek review in the Supreme Court.  Only two days after the Defendants' right to seek review in the Supreme Court had elapsed, the Plaintiff moved for appellate attorneys' fees.  This period of time is not unreasonable.  Cush-Crawford, 234 F. Supp. 2d at 211 (finding that the plaintiff's motion for

appellate attorneys' fees filed two months after the defendants' right to seek review in the Supreme Court had elapsed to be within a reasonable time); Environmental, 672 F.2d at 61 (finding an application for attorneys' fees made nine months after the close of litigation to be timely).

C. The Plaintiffs' Entitlement to Appellate Attorneys' Fees

The Defendants contend that the Plaintiffs are not entitled to attorneys' fees under the five factor test set forth in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987) . The five Chambless factors are as follows:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

Chambless, 815 F.2d at 871. However, in a prior decision dated October 20, 2011, this Court noted that, in Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242, 130 S. Ct. 2149, 176 L. Ed. 2d 998 (2010), the Supreme Court of the United States overruled the five factor test set forth in Chambless. In Hardt, the Supreme Court held that these five factors "bear no obvious relation to § 1132(g)(1)'s text [and therefore] are not required for channeling a Court's discretion when awarding fees." Id. at 254-255. Instead, the new test enunciated by the Supreme Court is to show that the prevailing plaintiff has achieved "some degree of success on the merits." Id. at 245 (citation and quotation marks omitted).

Contrary to the Defendants' contention, the Second Circuit's decision in Levitian v. Sun Life & Health Ins. Co. (U.S.), 486 F. App'x 136, 141 (2d Cir. 2012) does not dictate otherwise. That case simply recognized that "after Hardt courts 'may [still] apply . . . the Chambless factors

9

in 'channeling [their] discretion when awarding fees' under § 1132(g)(1)." 86 F. App'x at 141 (citations omitted). Stated another way, consideration of the Chambless factors is discretionary.

Having applied the Hardt analysis to the Plaintiffs' prior fee application, the Court declines to apply a different analysis to the instant appellate fee application. Applying Hardt, the Plaintiffs need only show that they achieved "some degree of success on the merits." 560 U.S. at 245. In this case, the Plaintiffs prevailed at the circuit level and are therefore entitled to appellate attorneys' fees.

D. The Calculation of Appellate Attorneys' Fees

Both the Second Circuit and the Supreme Court have held that the lodestar –the product of a reasonable hourly rate and the reasonable number of hours required – creates a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany, 493 F.3d 110 (2d Cir. 2007) amended on other grounds, 522 F.3d 182, 183 (2d Cir. 2008); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010).

Here, the Defendants do not object to the reasonableness of the hours expended by the Plaintiffs' counsel on appeal and their reasonable hourly rate. In a decision of April 24, 2012, this Court made the following pertinent determinations as to the prevailing party hourly rates "[b]ased on the cases cited above, the experience of counsel and the kind of litigation involved in this case": Alexander A. Muiccio, Partner, $350 per hour; All Associates, $ 225 per hour; and All Law Clerks and Paralegals, $75 per hour. 865 F. Supp. 2d 293. The Plaintiffs consent to the use of these hourly rates for purposes of their appellate attorneys' fees.

According to the Plaintiffs, in working on the appeal, Muiccio spent 86.9 hours, Associate Gregory Spaun spent 33.3 hours, and law clerk Brody Tice spent 8.6 hours. Thus, the appellate attorneys' costs is as follows: Miuccio (86.9 hrs. x $350) = $30,415; Spaun (33.3 hrs. x $225) = $7,942.50; and Tice (8.6 hrs. x $75) = $645, for a total sum of $38,552.50 for 128.8 hours. Finding these calculations to be reasonable, the Court awards the Plaintiffs $38,552.50 in appellate attorneys' fees.

E. The Calculation of Fee Application

In addition, the Plaintiffs request reimbursement for their reasonable attorneys' fees involved in the preparation of this fee application. According to the Plaintiffs, Miuccio spent 9.3 hours preparing the notice of motion, affirmation, and main memorandum of law and 9.7 hours preparing the reply memorandum and affirmation, for a total sum of $6,650. This amount appears reasonable to the Court and is awarded to the Plaintiffs.

## II. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED,** that the Plaintiff's application for appellate attorneys' fees is granted and the Plaintiffs are awarded attorneys' fees in the total sum of $38,552.50; and it is further

**ORDERED,** that the Plaintiff's application for the costs of this fee application is granted and the Plaintiffs are awarded attorneys' fees in the total sum of $6,650; and it is further

**ORDERED,** that Debrah Garcia be substituted for Paul Adams as class representative pursuant to Federal Rule of Civil Procedure 23(a)(4).

**SO ORDERED.**
Dated: Central Islip, New York
December 5, 2013

                                                  *Arthur D. Spatt*
                                                  ARTHUR D. SPATT
                                               United States District Judge